HARTZ, Circuit Judge,
concurring:
I join. Judge Bacharach’s opinion for The panel. I write separately to emphasize the *1253 limits of what we are saying. We have addressed only issues raised by the parties. Some of the questions we have not answered are: (1) Even though the Fifth Amendment privilege against self-incrimination can be violated by use of the defendant’s- statements at a probable-cause hearing, can there be a violation when such use does not cause a criminal sanction to be imposed on the defendant (such as when, as here, the court does not find probable cause)? (2) When a person voluntarily discloses information to a government agency, does he or she thereby waive any Fifth Amendment objection to disclosing that same information to another government agency? (3) Under what circumstances can an employee who has given notice of resignation claim that a request for incriminatory information was coercive? And, most significantly, (4) In light of post-Gewv% developments in Fifth Amendment doctrine, if a public employee believes that he or she is being coerced by the employer into making self-incriminatory statements, must the employee invoke the privilege against self-incrimination by refusing to provide information, or can the employee still, as in Garrity, provide the information and then demand immunity from use of the information? See Peter Westen, Answer Self-Incriminating Questions or Be Fired, 37 Am. J. Crim. L. 97 (2010).